UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JOSIE AND WALTER BREAUX                    CIVIL ACTION

VERSUS                                     NO: 07-7209

ALLSTATE INSURANCE COMPANY                 SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Plaintiff and Defendant's **Joint Motion To Remand** (Rec. Doc. 11). For the reasons stated below, the parties' motions are **GRANTED**.

**BACKGROUND**

Plaintiff filed this lawsuit to recover for damages allegedly sustained as a result of Hurricane Katrina.  Plaintiff filed suit in August, 2007 in state court, and Defendant timely removed.  Plaintiff and Defendant now file this joint motion to remand.

**DISCUSSION**

Plaintiff has filed a binding stipulation renouncing and waiving any entitlement to an award against defendant in excess

1

of $75,000, exclusive of interest and costs. (Rec. Doc. 11-3).

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  With civil actions, jurisdiction is limited to where the amount in controversy exceeds $75,000 and the claim is between citizens of different states.  28 U.S.C. § 1332.  The party seeking to assert diversity jurisdiction bears the burden of proof.  *De Aguilar v. Boeing* Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  Accordingly, when a case is removed to federal court, the defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

In general, courts evaluate the facts supporting jurisdiction at the time of removal.  *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  It follows that "post-removal affidavits, stipulations, amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* However, post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal.  *Id.* Significantly, Louisiana state courts prohibit plaintiffs from pleading for relief in specific dollar amounts. LA. CODE CIV. P.

2

893.  Hence, defendant must establish that the required jurisdictional amount is met by demonstrating that it is "facially apparent" from the complaint that plaintiff's claims are likely to exceed $ 75,000 or by highlighting facts in controversy in the removal petition and, if necessary, submitting an affidavit to support a finding of the requisite amount.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand.  *See Gebbia*, 233 F.3d at 882.

## CONCLUSION

The Court finds that it was not facially apparent at the time of removal that the amount in controversy in this case exceeded $75,000 and that the ambiguity concerning the amount in controversy should be resolved in favor of remand especially because the plaintiff has filed a stipulation into the record clarifying that the amount in controversy is less than $75,000. Accordingly,

**IT IS ORDERED** that Plaintiff and Defendant's **Joint Motion To Remand** (Rec. Doc. 11) is **GRANTED**;

3

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana this the 7th day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4